■ HAROLD G. LACKS, Appellant, v IRENE R. LACKS, Respondent.— Order, Supreme Court, New York County, entered February 15, 1977, granting reargument and, on reargument, recalling that portion of the determination of January 6, 1977 which had denied defendant-respondent's request for a jury trial and granting that request, unanimously modified, in the exercise of discretion to deny the application for a jury trial, without costs and without disbursements. This case was commenced by service of process in June, 1969; it was not until December, 1976 that defendant's counsel—there had been some 30 of them in the intervening period—moved in the trial part for a jury. Meanwhile, issue had been joined by service of an answer, consolidation with other actions, a note of issue without a jury demand, a notice of trial followed by an unsuccessful motion to strike from the nonjury calendar as premature—all without any demand whatever for a jury trial. The basis for the belated request for a jury trial was that another Justice, in January, 1973, in the course of a conference with the defendant and her then counsel, had suggested that there might be a jury in the case. "Let's wait for the [defendant's] guardian to make his application and I'll expedite the granting of a jury trial". In initially denying the application for a jury in December, 1976, the Justice who decided the motion before us commented on the statement earlier made by his colleague that "it plainly appears that he did not promise or direct a jury trial of this action." Nor in the four years that thereafter transpired was application for a jury trial, as invited in January, 1973, ever made. The initial denial of the application was correct, and it should not have been reversed six weeks later on reargument. CPLR 4102 (subd [a]) restricts the making of such a demand, where the note of issue does not include it, to 15 days after service thereof, failing which "the right to trial by jury shall be deemed waived." Nothing whatever appears in the record to justify relief from the default pursuant to CPLR 4102 (subd [e]) and we consider the order made on reargument granting the egregiously belated application for jury trial to have been an abuse of discretion. Concur—Kupferman, J. P., Capozzoli, Lane and Marke-wich, JJ.